## In re NESMITH.

(*Supreme Court, General Term, First Department.* May 18, 1888.)

1. EXECUTORS AND ADMINISTRATORS—DISTRIBUTION OF ESTATE—KNOWLEDGE OF PAPER PURPORTING TO BE A WILL.

    An administrator appointed on an affidavit alleging the intestacy of decedent, who, knowing of the existence of a paper purporting to be decedent's will, distributes the estate among the next of kin, cannot be said to have acted in good faith, within the meaning of the statute providing that the revocation of letters shall not affect the validity of any act within the lawful powers of the administrator previously done by him in good faith, even though he had good grounds for supposing that such paper was not so executed that it could be admitted to probate.

2. SAME—ASSETS—CLAIM AGAINST ADMINISTRATOR.

    The claim against an administrator who, knowing of the existence of a paper purporting to be the will of the alleged intestate, distributes the property to the next of kin, is assets sufficient to justify the issue of letters of administration with the will annexed after the admission of such will to probate.

3. SAME—ISSUE OF LETTERS OF ADMINISTRATION—NOTICE—OBJECTION ON APPEAL.

    The objection that the decree ordering the issue of letters of administration with the will annexed was made without giving notice to all the persons interested in the estate cannot be raised for the first time on the appeal from the decree.

Appeal from surrogate's court, New York county; D. G. ROLLINS, Surrogate.

Louis A. Nesmith died in the city of New York, November 1, 1880, leaving a will which was executed less than 48 hours before his death, drawn by Josiah Fletcher, a lawyer, who was one of the subscribing witnesses, the other being Lemuel D. Bailey. By this will he gave specific legacies to Martha Manderson, his mother-in-law, and to his mother, his servant, and his sister Mary, and residuary legacies to his brother and his other two sisters. In the legacy to Mrs. Manderson the word "dollars" was omitted after the words "one thousand," the amount of the legacy. After the death of the testator, one of the residuary legatees, his brother Frank M., was appointed administrator on an affidavit that decedent had died intestate. The administrator obtained possession of about $10,000 in personal property, and distributed it among the mother and sisters of the deceased, and himself. Mrs. Manderson having died, John McGowan was appointed her administrator, and took action which compelled the production of the will, and, after a contest, resulted in a decree admitting the will to probate, and calling upon the adminis-

trator to account. McGowan thereafter obtained an order requiring a deposit in court of the Manderson legacy, and then applied for the appointment of some proper person as administrator with the will annexed, there having been no executor named in the will. The petition showed that Lily Anderson, a sister of the decedent, resides in the city of New York; Frank M. Nesmith, in Washington, D. C.; that mother of decedent is not a resident of the state of New York; and that the other two sisters are not residents of the state, but that the petitioner does not know where they reside. A citation was issued, directed to Lily Anderson only, but Mary D. Nesmith also appeared in the proceeding, and filed an affidavit showing her residence in the city of New York, and claiming the right to administer under Code Civil Proc. § 2643, which reads as follows: "If no person is named as executor in the will, or selected by virtue of a power contained therein, or if at any time, by reason of death, incompetency adjudged by the surrogate, renunciation in either of the methods prescribed in sections 2639 and 2642 of this act, or revocation of letters, there is no executor, or administrator with the will annexed, qualified to act, the surrogate must, upon the application of a creditor of the decedent, or a person interested in the estate, and upon such notice to the other creditors and persons interested in the estate as the surrogate deems proper, issue letters of administration with the will annexed, as follows: (1) To one or more of the residuary legatees who are qualified to act as administrators. (2) If there is no such residuary legatee, or none who will accept, then to one or more of the principal or specific legatees so qualified. (3) If there is no such legatee, or none who will accept, then to the husband or wife, or to one or more of the next kin, or to one or more of the heirs or devisees so qualified. (4) If there is no qualified person, entitled under the foregoing subdivisions, who will accept, then to one or more of the creditors who are so qualified, except that in the counties of New York and Kings the public administrator shall have preference, after the next of kin, over creditors and all other persons. (5) If there is no qualified creditor who will accept, then to any proper person designated by the surrogate." The surrogate decided that she was entitled to letters of administration with the will annexed. From his order allowing further administration upon the estate, and directing letters to issue to Mary D. Nesmith upon her giving bond in $2,000, and that, in default of letters issuing to her within 20 days, the petitioner have leave to apply for further relief, Frank M. Nesmith appeals.

Argued before VAN BRUNT, P. J., and BARTLETT and MACOMBER, JJ.

*J. K. Hayward,* for appellant. *Geo. Putnam Smith,* for respondent.

VAN BRUNT, P. J. The appellant upon this appeal endeavors to raise the objection that the petition and the citation were defective in not calling upon the proper persons to show cause why the administration should not be granted. It does not appear from the record that any such objection was taken in the court below, and it is now too late to raise the same.

The only questions which seem to have been presented to the learned surrogate were that an administrator of Louis A. Nesmith had been appointed, and that he had completely administered the estate in good faith, and that there were no assets of the estate which the proposed administrator could take. These objections, if established, were undoubtedly a good answer to the application of the petitioner. But upon the papers such objections do not appear to have been sustained. An administrator appointed by the surrogate upon an affidavit that Louis A. Nesmith had died intestate cannot be said to have proceeded in good faith, as the phrase is intended to be used in the statute, when he knew that Louis A. Nesmith had left a paper purporting to be his last will and testament. It may be true that he supposed, and had good ground for supposing, that it was not so executed that it could be proved as a last will and testament. But he was not to be the judge of that. The

paper should have been offered for probate, and upon notice to the parties in-terested the surrogate could have determined the question as to whether the alleged will had or had not been properly executed.   If the administrator had done this, and the will had been rejected by the surrogate, and then letters of administration had been issued, he would certainly in the administration of the estate have acted in good faith.   But as he undertook to determine the question of the validity of the execution of the will himself, and has made a mistake, as he appears to have been from the decree of the surrogate admit-ting the will to probate, he must take the consequences, and he may become liable to the legatees under the will for the estate which he has pretended to administer.   He cannot be said to have acted in good faith where he has ig-nored the existence of a valid will in regard to which he was perfectly in-formed.   The objection that there were no assets belonging to the estate is not well taken, because the claim which the administrator with the will an-nexed may have against the person who has disposed of the estate of the tes-tator is certainly an asset sufficient to justify the issuing of letters of adminis-tration.   The order appealed from should therefore be affirmed, with $10 costs and disbursements.

BARTLETT and MACOMBER, JJ., concur.